## Homrich v. Homrich.

*Divorce—Appeal by respondent to Superior Court—Order on libellant to pay costs pending appeal — Affirmance of decree — Liability of libellant for unpaid costs.*

1. Where the respondent in a divorce case appeals from a decree in divorce granted against her, and, pending the appeal, is allowed the cost of her paper-book, to be paid by libellant, and before payment is made the decree is affirmed by the Superior Court, at the cost of respondent, the libellant is thereby relieved from payment.

*Divorce—Attachment for failure to pay costs—Contempt.*

2. An attachment will not issue against a party whose failure to comply with an order by the court was due to an illness, causing him to be delirious, and depriving him of his ability to transact any business whatsoever.

Divorce. Rule for attachment. C. P. Berks Co., April T., 1919, No. 41.

*George Eves* and *Wm. Kerper Stevens,* for defendant and rules.

*Charles D. Kerr* and *John B. Stevens,* for plaintiff.

ENDLICH, P. J., April 10, 1922.—The parties to this proceeding were married in 1895, and lived together about twenty-three years. On Sept. 14, 1918, Peter Homrich was ordered to pay $18 per week for the support of his family, which was subsequently, after the parties were divorced, reduced to $12 per week and limited to the children. On March 10, 1919, Peter Homrich filed

Homrich *v.* Homrich.

his libel in divorce on the ground of adultery. On May 22, 1919, the respondent answered the libel, and on Aug. 25, 1919, filed a petition and was granted a rule for alimony and counsel fees, a counsel fee of $100 being allowed on Oct. 6, 1919. On the 16th of the same month a master was appointed, who, on Jan. 30, 1920, filed his report recommending a divorce. This was followed on Feb. 20, 1920, by a petition for additional counsel fees, the rule granted upon which was answered on Feb. 20, 1920, and discharged on April 5, 1920. Exceptions filed to the master's report were dismissed on June 1, 1920, at the costs of the respondent. On June 2, 1920, a decree in divorce was entered, and on June 11, 1920, an appeal was taken by the respondent to the Superior Court. On Sept. 7, 1920, there was another petition for alimony and additional counsel fees filed and a rule granted, which, on Oct. 4, 1920, was allowed to the extent of $150 counsel fees and, in addition, costs of paper-book. On March 5, 1921, the decree entered in this court on June 2, 1920, was affirmed by the Superior Court. On June 6, 1921, on behalf of the respondent, a petition was filed for a rule, and a rule was granted, on the libellant to show cause why he should not comply with the order of the court made March 5, 1920, and pay the costs of the printing of the paper-book, $291.40, with interest from Oct. 29, 1920, otherwise attachment proceedings to be directed against him. It is evident that the reference to an order of the court made March 5, 1920, was a mistake, and that the order of Oct. 4, 1920, was intended. The counsel fees allowed by that order were paid, but the costs of the paper-book, not yet being ascertained, were not paid. The answer to the rule of June 6th was filed on June 13, 1921, and has not as to any vital matter of fact been contradicted. It alleges the illness of the affiant and his incapacity for the transaction of business, and avers that the affirmance of the decree of divorce by the Superior Court before his recovery relieved him of liability for the costs of the paper-book, the costs decreed to be paid by the respondent including that item.

It is difficult to see a sufficient answer to this proposition. We have, it would seem, this situation: The master has recommended a decree of divorce at the costs of the respondent. The Court of Common Pleas has approved this and entered a decree accordingly. That decree has been affirmed by the appellate court, fixing the liability of the respondent, or, at all events, the non-liability of the libellant, for the costs remaining unpaid. Among them is the bill for printing the respondent's paper-book, the liability for which item upon the libellant could not stand side by side with the decision of the Superior Court. It must, therefore, have been by an inadvertence that on June 6, 1921, three months after the Superior Court's decision, a rule was entered upon the libellant to show cause why he should not comply with the order to pay the costs of printing the respondent's paper-book under pain of an attachment. That rule cannot be pursued any further without conflicting with the action of the Superior Court, which, of course, is paramount to that of this court.

Nor must it be forgotten that the application here is to obtain payment or an attachment of the libellant for contempt. Surely, if the difficulties above spoken of were not in the way, an attachment would not issue against a party whose failure to comply with an order was due to an illness causing him to be delirious and depriving him of his ability to tranact any business whatsoever.

As the case is now presented, we see no escape from discharging the rule to show cause.

The rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.